THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MÁXIMO GARAY, Defendant and Appellant.

Nos. 10525 and 10526. Argued July 18, 1944.—Decided July 28, 1944.

*Leopoldo Tormes García* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This appeal involves two cases. In one case the defendant was convicted by a jury on a charge of voluntary manslaughter and sentenced to a term of imprisonment by the district court. In the other case the district court, on the same evidence as that submitted to the jury on the voluntary manslaughter charge, found the defendant guilty and sentenced him to jail for carrying a prohibited weapon.

The first alleged error assigned by the defendant is that the lower court erred in overruling his motion to dismiss on the ground that more than one hundred and twenty days had elapsed since the informations herein were filed against him. The trial herein was postponed on one occasion at the request of the defendant. Section 448 (2) provides that "If a defendant *whose trial has not been postponed upon his application,* is not brought to trial within one hundred and twenty days after the filing of the information, the court unless good cause to the contrary is shown,

shall order the prosecution to be dismissed . . . '' (Italics ours). We have interpreted this Section to mean that "When, as here, the trial has been postponed on defendant's motion, the question of dismissal for subsequent delay is a matter within the discretion of the court." (*Morales* v. *District Court,* 55 P.R.R. 853, 855–6.)

Far from abusing its discretion in the subsequent postponements, we are satisfied that the district court acted properly in postponing the trial on three subsequent occasions after the district attorney had produced testimony showing that an essential witness was missing and that the marshal's efforts to locate the said witness had been unsuccessful. Under the circumstances herein, we find no abuse of its discretion by the trial court (*People* v. *Ortiz,* 62 P.R.R. 284).

We see no reason to dwell at length on the second alleged error. It relates to a few questions which the lower court refused to permit counsel for the defendant to ask witnesses for the government when he was cross-examining them. They were either trivial, or had nothing to do with the facts of the case, or concerned matters which were not brought out on direct examination. Here again we cannot say that the district court abused its discretion in refusing to permit such cross-examination or that prejudicial error occurred as a result thereof (*People* v. *Pellicier,* 56 P.R.R. 846).

The third alleged error is predicated on the refusal of the lower court to permit evidence to be introduced of the reputation of the defendant up to the date of trial. The district court did not err in confining this proof to testimony of reputation until the day of the facts involved herein (1 Wigmore on Evidence. 3rd ed., § 56; 1 Wharton's Criminal Evidence, 11th ed., § 331, p. 462; 1 Underhills Criminal Evidence, § 563, p. 1118, and § 173, p. 306).

The fourth assignment of error consists of a series of complaints about the instructions to the jury. It is sufficient, in order to dispose of this alleged error, to state that we have examined the instructions carefully and have found that they summarized the facts in a substantially accurate manner and stated the law fairly. We can find no prejudicial error in the minor discrepancies found in the statements which the defendant tears from their context in the instructions and sets up in isolated fashion as erroneous.

The fifth alleged error is that the judgments are contrary to the facts and to the law. The defendant made no real effort to argue this point. The evidence was conflicting on the issue of self-defense on the voluntary manslaughter charge. The jury having believed the evidence of the government, which was sufficient to sustain the charge, we are not at liberty to interfere with the judgment and the verdict. (*People* v. *Rodríguez*, 62 P.R.R. 241).

The judgments of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.